UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAZMINE I. ROBERTS,

              Plaintiff,

-against-

THE NYS DEPARTMENT OF TAXATION AND FINANCE; COMMISSIONER AND CIVIL ENFORCMENT EMPLOYEES; TARA UNKNOWN; HARBINGER UNKNOWN,

              Defendants.

1:22-CV-0208 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction. She sues: (1) the New York State Department of Taxation and Finance ("DTF"); (2) the DTF Commissioner; and (3) DTF employees, including "Tara Unknown" and "Harbinger Unknown." She asserts that the defendants "are impeding on the right to receive Recovery Rebate Credit. The [DTF has] violated [her] entitlement rights to the Corona Virus Relief Act, Civil Rights Act and [the] Americans with Disabilities Act." (ECF 2, at 2.) Plaintiff seeks damages, as well as "the $600.00 Recovery Rebate Credit back from" the DTF. (*Id.* at 6.)

    By order dated March 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, for waiver of the fees to bring this action. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's complaint is not a model of clarity, but the Court understands the complaint as making the following allegations: The events that are the basis for Plaintiff's claims occurred between December 20, 2021, and December 28, 2021, and occurred, in part, while Plaintiff was

detained in the Westchester County Jail ("WCJ"). While Plaintiff was detained, a $600 Recovery Rebate Credit check, issued to Plaintiff by the federal government, was mailed to Plaintiff's last known residential address in Yonkers, New York. Because Plaintiff was detained when it was mailed, however, she could not collect the check. While Plaintiff was detained, there was a Westchester County Department of Corrections officer "who was in charge of handing out the address and personal info[rmation] documentation to receive the Recovery Rebate Credit in [the WCJ], but she said there were no more papers." (ECF 2, at 5.)

After Plaintiff had been released from the WCJ on bail, she telephoned the civil enforcement division of the DTF. A DTF representative instructed Plaintiff to fax a copy of her federal tax form and that "within two weeks[,] [Plaintiff's] [R]ecovery [R]ebate [C]redit [check] should be sent back to" her. (*Id.*) "[T]he customer service representatives[] that assisted [Plaintiff] throughout the entire process[,] [however,] have been giving [her] a hard time[,] telling [her that] the Recovery Rebate Credit was sent to them from the" federal Internal Revenue Service, and that "the amount was adjusted to $585.02." (*Id.* at 5-6.) Defendant "Harbinger Unknown" has informed Plaintiff that "the Recovery Rebate Credit benefit [check] will come in February 2022 or earlier."

Plaintiff filed her complaint in this court on January 7, 2022.

## DISCUSSION

### A.     Claims against the DTF under 42 U.S.C. § 1983

The Court understands Plaintiff's complaint as asserting claims of federal constitutional violations against the DTF under 42 U.S.C. § 1983. The Court must dismiss those claims, however, under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment

3

immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The DTF is an arm of the State of New York and, thus, enjoys Eleventh Amendment immunity. *See Johnson v. New York*, 21 F. App'x 41, 42-43 (2d Cir. 2001) (summary order); *Tuckett v. N.Y.S. Dep't of Taxation & Fin.*, No. 99-CV-0679, 2000 WL 1028662, at *1 (S.D.N.Y. July 26, 2000). The Eleventh Amendment therefore precludes Plaintiff's claims under Section 1983 against the DTF. *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02. Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the DTF under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B.**     **The Tax-Injunction Act**

After reviewing Plaintiff's complaint, as well as her original and amended IFP applications, the Court understands Plaintiff's complaint as asserting that the DTF, an agency of the State of New York, has seized, at least in part, Plaintiff's Recovery Rebate Credit, which had been issued to her by the federal government, in an attempt to satisfy Plaintiff's state tax debt.[1] To the extent that Plaintiff seeks injunctive or declaratory relief against the individual defendants, who are all DTF officials, with regard to the return of the full amount of her Recovery Rebate Credit, such claims must be dismissed under the Tax-Injunction Act ("TIA").

Under the TIA, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Thus, the TIA bars taxpayers from challenging the payment of state taxes in a federal district court. *Id.*; *see, e.g.*, *MLB Enters., Corp. v. N.Y.S. Dep't of Taxation & Fin.*, No. 19-CV-4679, 2020 WL 917257, at *2 (S.D.N.Y. Feb. 26, 2020). The TIA's "prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction" over suits for injunctive relief or declaratory relief.[2] *Campaniello v. N.Y.S.*

---

[1] In Plaintiff's original IFP application, in response to the question, "Do you have any debts or financial obligations not described above?," Plaintiff answered that the DTF "set [her] up with an [Independent Public Accountant ("IPA")] because of an audit on [her] 2018 and 2017 year 1040 tax form. . . . [Her] refund was audited because of dependents due diligence inquires." (ECF 1, at 2.) In Plaintiff's amended IFP application, in response to the same question, Plaintiff answered that she has "an IPA agreement" with the DTF. (ECF 4, at 2.)

[2] The TIA bars "'federal courts from granting injunctive and declaratory relief in state tax cases,' but [the Supreme Court of the United States] has declined to explicitly address whether it also 'bars federal courts from granting damages relief in such cases,' because where damages are sought, comity often bars such a suit." *Dorce v. City of New York*, 2 F.4th 82, 97 (2d Cir. 2021). (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107 (1981)). The Second Circuit has specifically held, however, that "the TIA 'prevents federal courts from giving injunctive relief [or declaratory relief, whereas] . . . it is the principle of comity that prevents a taxpayer from seeking damages.'" *Id.* (quoting *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989)).

*Dep't of Taxation & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018); *Bernard v. Vill. of Spring Valley, N.Y.*, 30 F.3d 294, 297 (2d. Cir. 1994) (quoting *Long Island Lighting Co.*, 889 F.2d at 431).

      A state provides a taxpayer with "plain, speedy and efficient" relief "where the available state-court procedures satisfy certain 'minimal procedural criteria,' including a 'full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax.'" *Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, 737 F.3d 228, 233-34 (2d Cir. 2013) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512, 514 (1981) (alteration in original)). The State of New York provides avenues to challenge tax assessments in its courts. Judicial review is available following an administrative review process. *See* N.Y. Tax Law § 1138. That process includes a hearing before an administrative law judge and review by a tax appeals tribunal. *See* N.Y. Tax Law § 1138(a)(4). After the tribunal's decision, the taxpayer may seek judicial review in the state courts – beginning in the New York Supreme Court, Appellate Division, Third Department – in a proceeding brought under Article 78 of the New York Civil Practice Law and Rules. N.Y. Tax Law §§ 1138(a)(4), 2016; *Massa v. N.Y.S. Tax Comm'n*, 102 A.D.2d 968 (3d Dep't 1984); *see* N.Y.C.P.L.R. § 7801 *et seq.*

      The Supreme Court of the United States has previously concluded that the State of New York's procedures for challenging tax assessments meet the abovementioned "plain, speedy and efficient" standard. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 74-77 (1976); *see also Long Island Lighting Co*, 889 F.2d at 431 ("Because New York provides several remedies which afford [the taxpayer] an opportunity to raise all constitutional objections to the real property taxes imposed, . . . the Tax Injunction Act bar[s] access to federal court.").

To the extent that Plaintiff asserts claims for injunctive or declaratory relief against the individual defendants, who are all DTF officials, with regard to the return of the full amount of her federal Recovery Rebate Credit that was seized by the DTF in an attempt to satisfy her state tax debt, such claims are precluded by the TIA, and are dismissed for lack of subject matter jurisdiction.³ *See* Fed. R. Civ. P. 12(h)(3).

**C.    Claims under Title II of the Americans with Disabilities Act**

The Court further construes Plaintiff's complaint as asserting claims against all of the defendants under Title II of the Americans with Disabilities Act ("ADA"). That statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "disability" is defined, for the purpose of the ADA, as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A). The term "public entity" is defined, for the purpose of Title II of the ADA, as including "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B).

---

³ If Plaintiff is asserting any claims for damages under Section 1983 against any of the individual defendants arising from their seizure of her federal Recovery Rebate Credit in an attempt to satisfy her state tax debt, such claims are dismissed under the doctrine of comity. *See Dorce*, 2 F.4th at 97 (2d Cir. 2021) (quoting *Long Island Lighting Co*, 889 F.2d at 431); *see also id.* at 94 n.15 ("[C]omity does not strictly speaking challenge the court's subject-matter jurisdiction. . . . Nevertheless, because . . . abstain[ing] from exercising [a district court's] jurisdiction on grounds of comity is closely linked to jurisdictional concerns, [it is] . . proper[] [to] consider[] the issue along with jurisdictional" issues.).

To state a claim under Title II of the ADA, the plaintiff must allege that: (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the ADA; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability.[4] *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). Under certain circumstances, Eleventh Amendment immunity does not protect a State from liability under Title II of the ADA. *See, e.g.*, *Bolmer*, 594 F.3d at 146-49. Additionally, under this provision, individual state officials may be held liable, in their official capacities, for claims for prospective injunctive relief, *see Harris*, 572 F.3d at 72 (citing *Henrietta D.*, 331 F.3d at 289), but they may not be held liable in their individual capacities, *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).

Plaintiff alleges no specific facts suggesting that she is disabled within the meaning of the ADA.[5] Even assuming that she is a qualified individual with a disability for the purpose of Title II of the ADA, and is subject to the protections of that statute, however, Plaintiff has alleged no facts showing that she has been denied the opportunity to participate in or benefit from DTF services, programs, or activities, or was otherwise discriminated against by the DTF, *by reason*

---

[4] Following the Supreme Court of the United States's ruling in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009), in which it held that "age discrimination must be the 'but-for' cause of an adverse employment action for . . . liability to attach" under the Age Discrimination in Employment Act (ADEA), the Second Circuit has not decided whether "but-for" causation or "mixed motive" causation is required to state a claim under Title II of the ADA. *Bolmer v. Oliveira*, 594 F.3d 134, 148-49 (2d Cir. 2010).

[5] Plaintiff asserts in her complaint that she is "requesting some relief from retaliation[] and undue hardship because of unforeseen circumstances related to COVID-19 and other personal matters." (ECF 2, at 6.)

*of* her disability. The Court therefore dismisses Plaintiff's claims under Title II of the ADA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.     The Court denies Plaintiff leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 2, at 9.)

SO ORDERED.

Dated:   April 4, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge