UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAZMINE I. ROBERTS,<br><br>                              Plaintiff,<br><br>               -against-<br><br>THE NYS DEPARTMENT OF TAXATION<br>AND FINANCE, et al.,<br><br>                              Defendants. | 1:22-CV-0208 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated and entered on April 4, 2022, the Court dismissed this *pro se* action. (ECF 6 & 7.) On June 28, 2024, Plaintiff filed a notice of appeal, a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 9 & 10.)

For the reasons set forth below, the Court denies Plaintiff's motion for an extension of the time to file a notice of appeal under Rule 4(a)(5) as untimely, and denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP as moot.

## DISCUSSION

**A.      The notice of appeal and the Rule 4(a)(5) motion**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal must generally be filed within 30 days after entry of the judgment or order being appealed from. Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5), a federal district court may grant an extension of time to file a notice of appeal if: (1) a party moves for the extension no later than 30 days after the time prescribed by Rule 4(a) to file a notice of appeal expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii). If such a motion

is granted, "[n]o extension . . . may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

The Clerk of Court entered the order and judgment dismissing this action on April 4, 2022. Plaintiff had 30 days from that date, or until May 4, 2022, to file a timely notice of appeal. Fed. R. App. P. 4(a)(1)(A). Accordingly, she had 30 days from May 4, 2022, or until June 3, 2022, to file a timely Rule 4(a)(5) motion. Fed. R. App. P. 4(a)(5)(A)(i).

Plaintiff did not file her notice of appeal and her Rule 4(a)(5) motion until June 28, 2024, years after the abovementioned periods expired. Plaintiff's notice of appeal is, therefore, untimely, as is her Rule 4(a)(5) motion. The Court therefore denies Plaintiff's Rule 4(a)(5) motion as untimely.

**B.      IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its April 4, 2022 order and judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 6 & 7), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's April 4, 2022 order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP as moot.

**CONCLUSION**

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Civil Procedure, as untimely. (ECF 10.)

The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP as moot. (ECF 9.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 11, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
